UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KIMBERLY HAIRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-CV-222 RM |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY and PAUL STEPP, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

After fire destroyed Kimberly Haire's home, State Farm Fire & Casualty Company denied her insurance claim. She sued State Farm and Paul Stepp (the agent who procured the State Farm insurance policy) in the Steuben Superior Court. State Farm removed the case to this based on diversity jurisdiction: Ms. Haire is an Indiana citizen; State Farm is an Illinois corporation with its principal place of business in Illinois; and Paul Stepp is an Indiana citizen. State Farm says Mr. Stepp's citizenship doesn't destroy diversity jurisdiction because Mr. Stepp was fraudulently joined as a defendant and should be dismissed under Rule 21 of the Federal Rules of Civil Procedure. State Farm filed a motion to dismiss the claim against Mr. Stepp, and Ms. Haire filed a motion to remand. For the reasons that follow, the court grants the dismissal motion and denies the remand motion.

The fraudulent joinder doctrine allows a court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse

defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 764 (7th Cir. 2009) (internal quotations and citations omitted). To establish fraudulent joinder, "a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. Framed a different way, the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant. . . . In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." Schur v. L.A. Weight Loss Centers, 577 F.3d at 764 (internal quotations and citations omitted); *see also* Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992) ("Although false allegations of jurisdictional fact may make joinder fraudulent . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives. . . . At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?").[1]

Counts I and II of Ms. Haire's complaint, which aren't at issue today, allege that State Farm breached both the insurance contract and its duty of good faith in effectuating the policy's terms when it denied her claim based on its assertion

---

[1] Actual fraud in the plaintiff's pleading of jurisdictional facts provides another basis for a party's dismissal under the fraudulent joinder doctrine, Schur v. L.A. Weight Loss Centers, 577 F.3d at 763 n.9, but State Farm hasn't argued actual fraud as a basis for dismissal of its agent.

2

that Ms. Haire set fire to her home. She alleges State Farm inadequately investigated the loss, unreasonably delayed her claim, and failed to honor the policy promptly, efficiently, and in good faith.

Count III of the complaint relates to State Farm agent Paul Stepp. Because today's decision turns on whether Ms. Haire can prove any set of facts under this complaint that would make Mr. Stepp liable, the court sets forth Count III of the complaint in its entirety:

<u>Count III - Agent's Negligence and Misrepresentation</u>

Plaintiff, by counsel, for Count III of their complaint, and incorporating each and every allegation of Counts I and II hereto state as follows:

15. Prior to June 11, 2009, Plaintiff obtained and maintained her insurance from Paul Stepp, CLU, an agent of State Farm Fire & Casualty Company, who sold her the insurance policy in this case.

16. As agent for State Farm, Paul Stepp misrepresented State Farm to Plaintiff as a company that acts promptly and fair after a loss, but in fact did neither in this claim.

17. In addition, as agent for State Farm, Paul Stepp misrepresented State Farm at the time Plaintiff left her former insurer, relying on the misrepresentations as the basis for changing insurance.

18. Plaintiff justifiably relied on Paul Stepp's representations about State Farm.

19. Upon information and belief, Paul Stepp's Agency made the representations for the specific purpose of having Plaintiff purchase the insurance through them, when it knew or should have known that the statements were false, and that based on State Farm's loss history it would act in violation of the policy after a loss event.

20. As a direct and proximate result of Paul Stepp's misrepresentations, Plaintiff has suffered damages for the value of her insured home, personal property, and for additional living expenses.

21. Plaintiff has been further damaged in that she has not been able to rebuild her home, has not been able to remediate the property

> that can be remediated, and remains effectively evicted from the home that she was accustomed to before the loss.
>
> 22. In addition, Plaintiff has incurred attorney fees, costs and expenses in connection with the defense and prosecution of this action.
>
> WHEREFORE, Plaintiff request judgment against Defendant for reasonable compensatory damages, interest and costs, as well as all other just and proper relief.

State Farm argues that Paul Stepp was fraudulently joined to destroy diversity jurisdiction and should be dismissed because "the allegations against him do not have any possibility of success." Neither party has addressed the issue of what state's law applies, but both rely on Indiana law, and the insurance contract appears to be governed (at least to some extent) by Indiana law,[2] the state where the policy was issued. Therefore, if under Indiana law there is no reasonable possibility that Ms. Haire will recover against State Farm agent Paul Stepp, complete diversity exists and removal was proper.

To the extent Ms. Haire seeks to assert a claim of fraudulent misrepresentation, her claim can't succeed. In Indiana, the elements of a claim of fraudulent misrepresentation are that (1) the defendant made false statements of past or existing material fact; (2) the defendant made the statements knowing them to be false or made them recklessly without knowledge of their truth or fasity; (3) the defendant made the statements to induce the plaintiff to act upon them; (4) the plaintiff justifiably relied and acted upon the statements; and (5) the

---

[2] *See* State Farm Policy No. 14-G5-4246-0, at 19-20 ("Section I and Section II – Conditions. . . . 10. **Conformity to State Law**. When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.").

4

plaintiff sustained damages as a proximate result. <u>Vanderwier v. Baker</u>, 937 N.E.2d 396, 398 (Ind. Ct. App. 2010). "Under Indiana law, a claim for fraud cannot be based on a misrepresentation of law or on a promise to be performed in the future. Additionally, 'mere opinion or prophecy cannot be the basis for an action of fraud.'" <u>American Family Mut. Ins. v. Jeffrey</u>, No. IP 98-1085, 2000 WL 1206623, at *7 (S.D. Ind. Aug. 11, 2000) (*quoting* <u>Medtech Corp. v. Indiana Ins. Co.</u>, 555 N.D.2d 844, 848 (Ind. Ct. App. 1990)).

Ms. Haire's complaint alleges that she justifiably relied, to her detriment, on Mr. Stepp's misrepresentation that State Farm "acts promptly and fair[ly] after a loss," Compl., ¶¶ 16, 18, and that "Paul Stepp's Agency" made that misrepresentation "for the specific purpose of having [her] purchase the insurance through them" when it knew or should have known that the statements were false and that, based on State Farm's loss history, State Farm would act in violation of the policy once a claim is made. Compl., ¶ 19.

A statement that State Farm "acts promptly and fair[ly] after a loss" is an opinion about State Farm rather than a statement of fact, and doesn't relate to a past or existing fact, but rather to some unforeseen future event. Further, though less importantly to the court's decision, Ms. Haire hasn't alleged that Mr. Stepp knew his alleged representation that State Farm acts promptly and fairly to be false, or that she suffered damages as a result of the alleged misrepresentation – her claim for damages relates solely to State Farm's denial of her fire loss claim.

5

Ms. Haire argues that her complaint also states a claim for negligence in procuring the insurance because the policy limit is too low to cover her losses even if State Farm were to pay her claim. Indiana, she explains, is a "notice pleading" state. Notice pleading requires notice as well as pleading, and Ms. Haire's complaint provides no notice that she alleges Mr. Stepp negligently underinsured her home. Indiana's notice pleading rules require a plaintiff to plead the operative facts involved in the litigation, thereby providing a "clear and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue." Godby v. Whitehead, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005) (*quoting* Donahue v. St. Joseph County, 720 N.E.2d 1236, 1239 (Ind. Ct. App. 1999)). Ms. Haire's allegations against Mr. Stepp, quoted in full above, offer no hint of such an allegation.

Mr. Stepp has shown that there is no reasonable possibility that Ms. Haire could prevail against him. He must be dismissed as a defendant, making his citizenship irrelevant to federal diversity jurisdiction upon removal. Because Mr. Stepp's dismissal leaves complete diversity — an Indiana citizen suing an Illinois citizen, remand is inappropriate.

For these reasons, the court GRANTS the defendants' motion to dismiss a party pursuant to Rule 21 [docket # 5] and DENIES the plaintiff's motion to remand [docket # 13].

SO ORDERED.

ENTERED:     October 5, 2011

   /s/ Robert L. Miller, Jr.
Judge, United States District Court