UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KIMBERLY HAIRE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-222 |
| STATE FARM FIRE & CASUALTY COMPANY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

A hearing was held and concluded today on the Motion to Withdraw filed by Attorney Kevin Marshall, counsel to Plaintiff Kimberly Haire. (Docket # 43, 48.) Attorney Marshall and Haire were present in person, and Defendant's counsel appeared telephonically. During the hearing, the Court conducted an *in camera* conference with Haire and Attorney Marshall to ascertain additional facts touching upon the motion. Based on these facts, which are undisputed, the Court has learned that Attorney Marshall advanced significant expenses in prosecution of this action that have not been paid by Haire and are not likely to be paid by her in the future, which is contrary to the retention agreement between Haire and Marshall. At the close of the hearing, the Court took the motion to withdraw under advisement.

"It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rules of Professional Conduct govern the conduct of lawyers in this Court. N.D. Ind. L.R. 83-5(e). Rule 1.16(b) of the Indiana

Rules of Professional Conduct sets forth various bases upon which an attorney of record may withdraw his representation of a party, including where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services" and where "the representation will result in an unreasonable financial burden on the lawyer. . . ."

In this instance, it is undisputed that Haire has failed to substantially fulfill an obligation to Attorney Marshall—that is, pay the significant expenses already incurred in this action. Moreover, those expenses are likely to grow even more, such that they are and will become an unreasonable financial burden on Attorney Marshall.

As a consequence of Haire's failure to fulfill her obligation to Attorney Marshall, as well as the unreasonable financial burden it poses to him, the Court GRANTS the Motion to Withdraw (Docket # 143), and Attorney Marshall is WITHDRAWN as Haire's counsel. Haire is deemed to be representing herself and is afforded thirty days in which to secure successor counsel; in the event she fails to secure successor counsel, the Court will deem that she is proceeding *pro se*. The Clerk is DIRECTED to send a copy of this Order to Kimberly Haire at 21331 Woodburn Rd., Woodburn, IN 46797. The Court sets this matter for a further scheduling conference on July 31, 2012, at 11:00 a.m. Kimberly Haire is to be present at the hearing in person, either with or without counsel. The Court will contact Defendant's counsel by telephone. SO ORDERED.

Entered this 21st day of June, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge